**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRYAN FLETCHER and GARRETT FLETCHER, | ) ) ) | |
| Plaintiffs, | ) ) ) | No. 23-cv-14324 |
| v. | ) ) | Judge Andrea R. Wood |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This Order and Statement memorializes and provides additional detail regarding the Court's oral ruling on 11/21/2024 [71], denying Defendant FunnyToysUS's *pro se* submissions [43], [44], which the Court construes together as a motion to dismiss and dissolve the preliminary injunction based on inadequate service. The Court notes that Defendant FunnyToysUS appears to be based overseas and may have limited ability to participate in telephone hearings. The Court provides this written ruling, in part, to ensure that Defendant FunnyToysUS receives notice of the basis for the Court's decision.

## STATEMENT

Plaintiffs Bryan Fletcher and Garrett Fletcher (collectively, "Fletcher") have brought copyright infringement claims against numerous e-commerce stores, many of which (if not all) are domiciled overseas. Consistent with the Court's temporary restraining order (Dkt. No. 22), which was later converted into a preliminary injunction (Dkt. No. 32), Fletcher completed service of process on Defendants by email pursuant to Federal Rule of Civil Procedure 4(f)(3). One of the Defendants—FunnyToysUS, an e-commerce store based in China—now moves *pro se* to dismiss the lawsuit and dissolve the preliminary injunction based on inadequate service. (Dkt. Nos. 43, 44.)

FunnyToysUS contends that service of process by email contravenes Federal Rule of Civil Procedure 4(f)(1), which, as FunnyToysUS understands it, mandates that foreign service comply with international agreements. According to FunnyToysUS, the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") is the only relevant agreement between the United States of America and China. Article 10(a) of the Hague Convention authorizes service by "postal channels." Hague Service Convention Art. 10, 20 U.S.T. 361. Because China objects to that Article, however, FunnyToysUS argues that Fletcher's method of service was inadequate and so the Court must dissolve the preliminary injunction as to FunnyToysUS and dismiss it from the case.

As an initial matter, the Court notes that FunnyToysUS's motions, filed *pro se* by its owner Shenlu Sirui, do not include the business's physical address or telephone number. This results in several deficiencies. Rule 11(a) requires that "[e]very pleading, written motion, and other paper" include "the signer's address . . . and telephone number." Fed. R. Civ. P. 11(a). Indeed, "court[s] must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* In addition, "[c]orporations unlike human beings are not permitted to litigate *pro se*." *In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011). "[They] must appear by counsel or not at all." *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985). This rule extends to partnerships and unincorporated organizations. *TJ Creative, Inc. v. Luxurious Bliss*, No. 19-cv-04833, 2020 WL 9256371, at *2 (N.D. Ill. May 14, 2020). While it is possible that FunnyToysUs was established as a form of business akin to a sole proprietorship for which a nonlawyer owner may appear, the current record does not reveal that to be the case.

In any event, notwithstanding the procedural deficiencies, FunnyToysUS's position regarding service fails on its merits. Rule 4(f)(1) allows for foreign service of process "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." Fed. R. Civ. P. 4(f)(1). Under Rule 4(f)(3), defendants outside the United States may also be served "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Contrary to FunnyToysUS's assertion that service in accordance with the Hague Convention is mandatory, the Rules do not require plaintiffs to attempt service under Rule 4(f)(1) before moving on to Rule 4(f)(3). *See Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018) (rejecting the argument that service by email did not comply with the Hague Convention because service was effected pursuant to Rule 4(f)(3), not Rule 4(f)(1)); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) . . . ."); *Flava Works, Inc. v. Does 1–26*, No. 12 C 5844, 2013 WL 1751468, at *6–7 (N.D. Ill. Apr. 19, 2013) ("In the absence of a directive from the court of appeals, the court finds that Rule 4(f) does not indicate a preference for any method of service."). In other words, Fletcher was not obligated to seek service through the lengthy Hague Convention service process "when an instantaneous, reliable, and traceable means of providing notice [was] available in the form of email." *Hangzhou Chic Intelligent Tech. Co. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 20 C 4806, 2021 WL 1222783, at *3 (N.D. Ill. Apr. 1, 2021). The Court thus finds that Fletcher's service of FunnyToysUS by email is consistent with Rule 4(f)(3). FunnyToysUS's motions to dismiss the lawsuit and dissolve the preliminary injunction are denied.

Dated:  December 20, 2024

_____
Andrea R. Wood
United States District Judge